UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>  Plaintiff,<br><br>  v.<br><br>GULF COAST MANAGEMENT COMPANY,<br>LLC, dba HAMPTON INN SARALAND AND<br>ANAND PATEL, Individually,<br><br>  Defendants. | FILE NO.<br><br>_____<br><br><br><br><br><br><br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants, Gulf Coast Management Company, LLC dba Hampton Inn Saraland; and Anand Patel (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, (hereinafter the "Act"); and pursuant to § 16(c) of the Act 29 U.S.C. § 216(c), to recover minimum wage and overtime compensation, together with an equal amount as liquidated damages.

I.

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

## II.

A.   Defendant , Gulf Coast Management, LLC, at all times hereinafter mentioned, has been a limited liability corporation having a place of business and doing business in Mobile County, Alabama.

B.   Defendant, Anand Patel, at all times hereinafter mentioned, acted directly or indirectly in the interest of Defendant, Gulf Coast Management, LLC, in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).  Mr. Patel makes final decisions on the operation of the enterprise, is responsible for maintaining compliance with the Hilton franchise agreement, and the general manager answers directly to him.

## III.

At all times hereinafter mentioned:

A.   Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B.    Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and § 3(s)(1)(A) having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV.

Since May 7, 2011, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of good for commerce, the applicable minimum hourly rate. Specifically, the Defendants did not provide compensation for all hours worked and the compensation they did pay did not equal at least the minimum wages for all hours worked.

V.

Since May 7, 2011, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by

employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, the Defendants did not provide employees overtime compensation unless they recorded more than 80 hours in payroll in a bi-weekly pay period and payroll records did not record all hours worked by employees.

VI.

Since May 7, 2011, Defendants, an employer subject to the provision of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them as prescribed in the aforesaid Regulations.

VII.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to
§ 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with

them from violating the provisions of §§ 6(a), 7(a), 11(c), 15(a)(2), and 15(a)(5) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c) awarding back wages for a period of three (3) years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 12th day of September, 2014.

Office of the Solicitor
U.S. Department of Labor

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
(404) 302-5463
(404) 302-5438 (FAX)
haynes.sophia@dol.gov
Atl.FEDCOURT@dol.gov

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By: *s/ Sophia E. Haynes*
    SOPHIA E. HAYNES
    Trial Attorney
    GA Bar No. 340690